IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

VICKI RICKETTS,

      Plaintiff,

  v.

DENISE ARCH, et al.,

      Defendants.

CIVIL ACTION NO.
2:07-CV-00082-RWS

## **ORDER**

By Order of United States Magistrate Judge Susan S. Cole, Plaintiff was granted leave to proceed *in forma pauperis*, and the action was submitted to this Court for review pursuant to 28 U.S.C. § 1915(e)(2)(b).  (Dkt. No. [3].) Plaintiff has also submitted a Motion to Appoint Counsel [4] and a second Motion for Leave to Proceed *in forma pauperis* [5].  The Court now considers whether this action is frivolous, and whether either of Plaintiff's Motions should be granted.

Pursuant to § 1915(e), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

AO 72A
(Rev.8/82)

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  A claim is also frivolous where the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Neitzke, 490 U.S. at 327.  If an affirmative defense such as a statute of limitation would defeat a claim, that claim may also be frivolous. Clark v. Ga. Pardons & Parole Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

In this case, as in her numerous other actions litigated before this Court, Plaintiff has filed a lengthy, handwritten Complaint which presents fantastic and incoherent factual allegations and legal claims.  From the Complaint, the Court is unable to ascertain any cognizable federal claim or state law claim over which this Court would have jurisdiction.  Moreover, the Court yet again has been unable to ascertain any basis for the exercise of personal jurisdiction over the named defendants, or any reason why venue would lie in this district.  In view of these patent failings, this action is frivolous within the meaning of 28

2

U.S.C. § 1915(e)(2)(B) and is hereby **DISMISSED without prejudice**. See, e.g., Neitzke, 90 U.S. at 327-28 (an action is frivolous where the allegations are "fantastic or delusional"); Bilal v. Driver, 251 F.3d 1346, 1350 (2001) (district court may consider litigant's history of bringing unmeritorious actions in determining whether an action is frivolous); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (explaining that district courts have power "to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible"); see also Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006) (explaining that district court may dismiss case as frivolous for want of personal jurisdiction and venue). Plaintiff's Motion to Appoint Counsel [4] and Motion for Leave to Proceed in forma pauperis [5] are **DENIED as moot**.

Although this Court has cautioned Plaintiff about the nature of her filings, a review of Plaintiff's motions in this case–as well as other cases she has filed–reveals a consistent pattern of frivolous filings. See Ricketts v. City of New Smyrna Beach, Civil Action No. 2:07-00114-RWS (N.D. Ga. 2007); Ricketts v. Elrod, Civil Action No. 2:07-00113-RWS (N.D. Ga. 2007); Ricketts

3

AO 72A
(Rev.8/82)

v. State Farm Ins., Civil Action No. 2:07-00112-RWS (N.D. Ga. 2007), Ricketts v. Mainland High School, Civil Action No. 2:06-cv-00145-RWS (N.D. Ga. 2006); Ricketts v. State of Georgia et al., Civil Action No. 2:06-cv-00134-RWS (N.D. Ga. 2006); Ricketts v. State of Florida, Civil Action No. 2:06-cv-00128-RWS (N.D. Ga. 2006); Ricketts v. State Farm Insurance, Civil Action No. 2:06-cv-00127-RWS (N.D. Ga. 2006); Ricketts v. Hacienda Del Sol II Condominum Association et al., Civil Action No. 2:06-cv-00126-RWS (N.D. Ga. 2006); Ricketts v. City of New Smyrna Beach, Florida, Civil Action No. 2:06-cv-00125-RWS (N.D. Ga. 2006); Ricketts v. Elrod et al., Civil Action No. 2:06-cv-00124-RWS (N.D. Ga. 2006); Ricketts v. State of Florida et al., Civil Action No. 2:05-cv-00124-RWS (N.D. Ga. 2005); Ricketts v. State Farm Insurance, et al., Civil Action No. 2:05-cv-00123-RWS (N.D. Ga. 2005); Ricketts v. Hacienda Del Sol II, et al., Civil Action No. 2:05-cv-00122-RWS (N.D. Ga. 2005); Ricketts v. Mainland High School, et al., Civil Action No. 2:05-cv-00121-RWS (N.D. Ga. 2005); Ricketts v. Elrod et al., Civil Action No. 2:04-mi-00021 (N.D. Ga. 2004); Ricketts v. State of Georgia, et al., Civil Action No. 2:03-mi-00013 (N.D. Ga. 2003); Ricketts v. Friedenberg, et al., Civil Action No. 2:04-mi-00010 (N.D. Ga. 2004); Ricketts

v. State of Florida, et al., Civil Action No. 2:04-mi-00009 (N.D. Ga. 2004); Ricketts v. City of New Smyrna, et al., Civil Action No. 2:04-mi-00004 (N.D. Ga. 2004); Ricketts v. City of Gainesville,, et al., Civil Action No. 2:04-mi-00001 (N.D. Ga. 2004); Ricketts v. Bi Community Correct, et al., Civil Action No. 2:03-cv-00107-RWS (N.D. Ga. 2003); Ricketts v. Clayton & McCullogh, et al., Civil Action No. 2:03-cv-00106-RWS (N.D. Ga. 2003); Ricketts v. Alberson, et al., Civil Action No. 2:02-cv-00160-RWS (N.D. Ga. 2002). Each of these cases has been dismissed for reasons such as frivolity, a lack of personal or subject matter jurisdiction, and Plaintiff's failure to comply with Orders of this Court.

The Eleventh Circuit recognizes this Court's authority to impose restrictions on a plaintiff's ability to file. See generally Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986) (outlining potential restrictions). As Procup explained: "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. . . . The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Id. at 1073-74 (internal citations omitted).

The Court finds that it is necessary to enjoin Plaintiff from making future filings in this case to protect the Court's jurisdiction. Accordingly, the Court hereby **ENJOINS** Plaintiff Vicki Ricketts from making future filings in this case, from making future filings in other actions pending before this Court, **and** from attempting to open new actions without complying with the following procedures. If Plaintiff wishes to make a filing or open a new action, she must submit a Petition for Leave to File, along with a proposed document for filing and a copy of this Order, to this Court for consideration. The Clerk is hereby **DIRECTED** that if Plaintiff submits such a Petition, the Clerk shall forward the Petition and accompanying documents to the undersigned for consideration. The Clerk is further **DIRECTED** not to docket a filing or open a case file in such circumstances until this Court issues an Order so directing. If Plaintiff fails to comply with this Order by submitting a document for filing without a Petition and copy of this Order, the Clerk is **DIRECTED** to return the document to her.

**SO ORDERED**, this   24th   day of October, 2007.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE